JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW MCCABE, et al.,<br><br>Defendants. | Case No. 2:24-cv-03661-PA (KESx)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On May 1, 2024, Plaintiff, a state prisoner, filed the instant Complaint for a Civil Case. (ECF No. 1.)  On May 2, 2024, the Court notified Plaintiff that he had not paid the appropriate filing fee or filed a request to proceed without prepayment of filing fees ("IFP Request"), and gave him 30 days to do so. (ECF No. 2.) Plaintiff has not yet responded to the Court's notice.

Although Plaintiff has not yet paid the filing fee or filed an IFP Request, the Court must "dismiss the case at any time" if it is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Moreover, because Plaintiff is a prisoner seeking redress from government officers, the Court must review the Complaint on these grounds "before docketing, if feasible or, in

any event, as soon as practicable after docketing" and then dismiss the case if appropriate. 28 U.S.C. § 1915A; *see also Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) ("Section 1915A mandates early review[.]"). Thus, despite the fact that Plaintiff has not yet responded to the Court's notice of May 2, 2024, the Court must perform its mandatory duty of early review.

## DISCUSSSION

The three named Defendants are the former interim director of the Federal Bureau of Investigation ("FBI"), Plaintiff's public defender, and Plaintiff's probation officer. (ECF No. 1 at 2-3.)

In the Complaint, Plaintiff alleges the following. He was illegally surveilled and spied upon by the FBI. (ECF No. 1 at 6.) The FBI identified Plaintiff as a Russian spy who had colluded with President Trump. (*Id*. at 7.) A violent gun battle between the Los Angeles Police Department ("LAPD") and unknown assailants took place as a result of this espionage. (*Id*.) The public defender was involved in the espionage and a part of the reason why the shoot-out happened. (*Id*.) The public defender also lied to the LAPD, the FBI, and a state court. (*Id*.) Plaintiff eventually was placed on probation illegally. (*Id*.) A corrupt probation officer then stalked Plaintiff out of the state and the county, produced illegal informants who rape people, and possibly tried to plant drugs on Plaintiff. (*Id*.) The probation officer might have been a drug trafficker, and he brought illegal charges against Plaintiff in Case BF 192092A. (*Id*. at 7-8.) The public defender and the probation officer lied to the Superior Court of Kern County and to attorneys, and may have violated attorney-client privilege. (*Id*. at 8.)

Plaintiff alleges causes of action for "treason, espionage, use of illegal informants, [and] conspiracy to distribute illegal imagery." (ECF No. 1 at 4.) He seeks ten million dollars in damages. (*Id*. at 6.) He also requests that the Court "pick up cases BF174424A and BF192092A and dismiss both cases as a multi-district conspiracy." (*Id*. at 9.)

As an initial matter, Plaintiff has not clearly alleged that venue is proper in the Central District of California. It is not clear that any Defendant resides or that a substantial part of the events or omissions giving rise to the claims occurred in the Central District. *See* 28 U.S.C. § 1391(b). However, dismissal or transfer for improper venue is warranted "only if it is clear that the plaintiff can allege no set of facts to support . . . venue." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation, quotation marks, and alterations omitted). Here, the issue of venue is not clear, while a review of the sufficiency of the factual allegations under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) produces a clear outcome. *See Holloway v. Gunnell*, 685 F.2d 150, 153, 155 (5th Cir. 1982) (declining to resolve unclear venue issue and reviewing the dismissal of a prisoner's complaint for the sufficiency of his factual allegations); *see also Sanders v. United States*, 760 F.2d 869, 872 (8th Cir. 1985) (*per curiam*) (affirming dismissal of a complaint under the in forma pauperis statute for both lack of personal jurisdiction and frivolousness). Moreover, even if it was clear that venue is improper, transfer generally is not in the interest of justice when a complaint is frivolous. *See Amity Rubberized Pen Co. v. Market Quest Group Inc.*, 793 F.3d 991, 996 (9th Cir. 2015). Thus, for the reasons explained below, based on Plaintiff's factual allegations, the Complaint is dismissed without leave to amend.

First, Plaintiff's factual allegations, when read as a whole, are frivolous. 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1). Each of Plaintiff's allegations, when "taken separately, is not necessarily frivolous," but "a different picture emerges from a reading of all [of the allegations] together." *Denton v. Hernandez*, 504 U.S. 25, 29 (1992). When read together, Plaintiff's allegations -- involving an FBI scheme to frame him as a Russian spy colluding with President Trump, a violent gun battle with the LAPD, and a conspiracy to frame him on criminal charges by a rogue public defender and a probation officer who may be a drug trafficker -- are "clearly baseless" or "fanciful." *Denton*, 504 U.S. at 32-33. In that circumstance,

the Court may "pierce the veil of the complaint's factual allegations" and "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Id*. at 32; *see also Bator v. State of Hawai'i*, 39 F.3d 1021, 1026 (9th Cir 1994) ("*Denton* is an exception to the general rule that a district court must accept factual allegations as true."). Here, "a finding of factual frivolousness is appropriate [because] the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. In a case with similar factual allegations, the Ninth Circuit denied in forma pauperis status. *See Visser v. Supreme Court of State of Cal.*, 919 F.2d 113, 114 (9th Cir. 1990) (rejecting a complaint with "vague, rambling diatribes alleging that various state and federal officials and entities have been involved in a wide-ranging international conspiracy," "personal attacks upon various attorneys . . . and the United States Department of Justice," and "unsupported allegations of bribery, entrapment and corruption").

Second, Plaintiff has failed to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). He has no right of action for "treason, espionage, use of illegal informants, [and] conspiracy to distribute illegal imagery." (ECF No. 1 at 4.) Most of these allegations describe criminal conduct that a private litigant has no right to prosecute. *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (criminal prohibitions do not give rise to private rights of action). Moreover, because Plaintiff's allegation about the "use of illegal informants" appears to refer to a prior criminal conviction, the claim is barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), because it necessarily implies the invalidity of a conviction or sentence. *See Rogers v. Mills*, 516 F. App'x 108, 109 (3d Cir. 2013) (claim alleging illegal use of confidential informant was barred by *Heck*). Finally, to the extent that Plaintiff is seeking dismissal of either an ongoing criminal

4

proceeding or a criminal conviction in state court, he may not bring such challenges in this action. He may not seek federal intervention in an ongoing state criminal proceeding. *See Younger v. Harris*, 401 U.S. 37, 43 (1971). And he must challenge a criminal conviction through a habeas corpus petition. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*). A habeas petition must be filed in the judicial district where Plaintiff is in custody or was convicted, which would appear to exclude the Central District of California. *See* 28 U.S.C. § 2241(d).

Third, Plaintiff seeks monetary relief against defendants who are immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2). The public defender and the former interim director of the FBI are immune from federal suits for damages. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders); *Gerritsen v. Consulado General De Mexico*, 989 F.2d 340, 343 (9th Cir. 1993) (FBI); *Holscher v. Deurmeier*, 2021 WL 2717149, at *2 (D. Mont. July 1, 2021) (FBI Director).

Finally, given these deficiencies, leave to file an Amended Complaint is not warranted. The frivolous nature of the factual allegations is sufficient reason alone to deny leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (*en banc*) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."). Nonetheless, nothing in the Complaint suggests that Plaintiff can overcome through amendment his other pleading deficiencies, specifically, his failure to state a cognizable claim and the immunity of two of the Defendants. *See Californians for Renewable Energy v. California Public Utilities Commission*, 922 F.3d 929, 935 (9th Cir. 2019) (leave to amend may be denied where there appeared "no possibility of stating a cause of action"); *Townsend v. University of Alaska*, 543 F.3d 478, 487 (9th Cir. 2008) (amendment is futile where there is no private cause of action); *Beets v. County of Los Angeles*, 669 F.3d 1038, 1041-42 (9th Cir. 2012) (amendment is futile where claim is barred by *Heck*); *Ashelman v. Pope*, 793 F.2d

5

1072, 1075 (9th Cir. 1986) (*en banc*) (amendment is futile where claims are barred by immunity). Thus, the Complaint is dismissed without leave to amend. The dismissal is without prejudice to Plaintiff raising his habeas allegations in a petition filed in the proper judicial district. *See* 28 U.S.C. § 2241(d).

**ORDER**

It is ordered that the Complaint is dismissed without leave to amend and that this action is dismissed without prejudice.

DATED: May 9, 2024

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE